Jeffrey B. Isaacs, Esq., SBN 117104
Jerome H. Friedberg, Esq., SBN 125663
Adam Kargman, Esq., SBN 212109
Paige Shen, Esq., SBN 162122
Robert Gookin, Esq., SBN 251601
**ISAACS | FRIEDBERG LLP**
555 S. Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5534
Facsimile: (213) 955-5794
Email:  *jisaacs@ifcounsel.com*
  *jfriedberg@ifcounsel.com*
  *pshen@ifcounsel.com*
  *rgookin@ifcounsel.com*

*Attorneys for Plaintiffs*
*Emil Youssefzadeh and Umar Javed*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL YOUSSEFZADEH, an individual, and UMAR JAVED, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GLOBAL-IP CAYMAN, a Cayman Islands company; GLOBAL IP-USA, INC, a Delaware corporation; DONG YIN (HOLDINGS) LTD., a Hong Kong unlimited company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2-18-cv-02522-JLS-JCG<br><br>Assigned to Hon. Josephine L. Staton<br><br>**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF RE MOTION TO COMPEL ARBITRATION**<br><br>Hearing<br>Judge: Hon. Josephine L. Staton<br>Date: June 29, 2018<br>Time: 2:30 p.m.<br>Place: Room 10A<br><br>Action Filed: Feb. 23, 2018<br>Removed: Mar. 28, 2018<br>Trial Date: None |

---

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG
AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF**

244610.6

## PLAINTIFFS' EVIDENTIARY OBJECTIONS

Plaintiffs Emil Youssefzadeh and Umar Javed object to the Declarations of Yeun Cheung Wong and Bahram Pourmand submitted with Defendants Global-IP Cayman and Global IP USA, Inc.'s Reply in Support of Its Motion to Compel Arbitration and Stay Judicial Proceedings.

**A.   Objections to Declaration of Yeun Cheung Wong**

| | **Material Objected To:** | **Grounds for Objection:** | **Ruling** |
|---|---|---|---|
| 1. | Wong Decl., ¶ 2, p. 1, ll. 13-16:<br><br>"I am not aware that Emil Youssefzadeh ('Youssefzadeh') and Umar Javed ('Javed') spent millions of dollars on the GIP satellite project prior to 2016, as they state in Paragraph 5 of Youssefzadeh's declaration and Paragraph 6 of Javed's declaration in opposition to the Motion to Compel." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to set forth facts sufficient to establish personal knowledge as to whether Mr. Youssefzadeh and Mr. Javed spent millions of dollars on the GIP satellite project prior to 2016. As a result, Mr. Wong's statement amounts to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | ___ Sustained<br><br>___ Overruled |
| 2. | Wong Decl., ¶ 2, p. 1, ll. 16-19:<br><br>"Based on the financial reporting statements that I have received from GIP for the period before the closing of the transaction, we did not see any expenses incurred or capitalized amounting to 'millions of dollars' on the Company's financial statements." | Best evidence (Fed. R. Evid. 1002).<br><br>Mr. Wong fails to provide the referenced financial reporting statements in support of his assertions. As a result, his assertions regarding the contents of those documents are inadmissible under the Best Evidence Rule. Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). | ___ Sustained<br><br>___ Overruled |

| | | | |
|---|---|---|---|
| | | Relevance (Fed. R. Evid. 401).<br><br>Mr. Wong's statement is also irrelevant as Mr. Youssefzadeh and Mr. Javed stated in their declarations that the Satellite Project was originally a project within STM Group rather than GIP. | |
| 3. | Wong Decl., ¶ 2, p. 1, ll. 19-24:<br><br>"To the contrary, my understanding is that GIP Cayman was a dormant company with no staff or office, and very few expenses for the running of the Company. At that time, GIP Cayman shared the same address as the Salim Group. I am aware that Youssefzadeh and Javed had repeatedly sought to locate investors in GIP Cayman prior to 2015 and 2016 (contrary to the statement at Paragraph 9 of Youssefzadeh's declaration)." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to set forth facts sufficient to establish the basis for his purported "understanding" that GIP Cayman was a dormant company with no staff or office, and very few expenses for the running of the Company; that at that time GIP Cayman shared the same address as the Salim Group; or that Mr. Youssefzadeh and Mr. Javed had repeatedly sought to locate investors in GIP Cayman prior to 2015 and 2016. Those statements, thus, amount to inadmissible speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered).<br><br>Relevance (Fed. R. Evid. 401).<br><br>Mr. Wong's statement is also irrelevant as Mr. Youssefzadeh and Mr. Javed stated in their declarations that the Satellite Project was originally a project within STM Group rather than GIP. | ___ Sustained<br><br>___ Overruled |

2

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF**

244610.6

| | | | |
|---|---|---|---|
| 4. | Wong Decl., ¶ 3, p. 1, l. 1 – p. 2, l. 4:<br><br>"At the time Bronzelink invested in GIP, it possessed no specialized expertise in or knowledge about the satellite industry. Bronzelink relied on Youssefzadeh, Javed, and Bahram Pourmand ('Pourmand') to provide that expertise, given their long careers in the satellite industry. That is why the Shareholder Agreement contains terms such as the 'GIP Team Responsibilities' set forth in Section 7.1, and defines the GIP Team as including Youssefzadeh, Javed, Pourmand, and their affiliates STM Atlantic N.V., Steadyspace Limited, and Amir Irani." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to set forth facts sufficient to establish personal knowledge as to the reason the Shareholder Agreement contained terms such as "GIP Team Responsibilities." There is no evidence that Mr. Wong was involved in negotiations of the Shareholder Agreement, and he was not a signatory to it. As a result, Mr. Wong's assertion amounts to nothing more than speculation. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | ___ Sustained<br><br>___ Overruled |
| 5. | Wong Decl., ¶ 4, p. 2, ll. 5–10:<br><br>"In order to facilitate accomplishment of the GIP Team responsibilities and achieve the goals of Bronzelink's investment, the initial organizational structure for the GIP Team was to have Pourmand as Chief Executive Officer, and the GIP headquarters in the Greater Washington D.C. area near his home, with Youssefzadeh and Javed providing the required GIP Team services through Executive Advisory Agreements, effective as of July 1, 2016." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong fails to set forth facts sufficient to establish personal knowledge for his purported assertions of the reasons for the way in which the initial organizational structure of the GIP Team was set up and where the headquarters were located. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | ___ Sustained<br><br>___ Overruled |

3

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF**

244610.6

| | | | |
|---|---|---|---|
| 6. | Wong Decl., ¶ 4, p. 2, ll. 12–20:<br><br>"Within months thereafter, Youssefzadeh and Javed sought to obtain greater control over GIP and began lobbying certain of the Series A Directors to displace Pourmand and make themselves officers of the Company, move the headquarters of GIP USA to Los Angeles, and to limit Pourmand's role and authority. | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong impermissibly speculates about the Plaintiffs' motives. He also fails to set forth facts sufficient to establish personal knowledge of Plaintiffs' alleged conduct. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | ___ Sustained<br><br>___ Overruled |
| 7. | Wong Decl., ¶ 4, p. 2, ll. 20–24:<br><br>"In support of their proposals, Plaintiffs stated to some of the Series A Directors (including myself) that it would be ideal to have the office closer to the Boeing factory to facilitate close communication with Boeing, and that they were willing to share the operational responsibilities of GIP as CTO and COO." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>Mr. Wong's statements as to Plaintiffs' alleged statements to Series A Directors other than himself lack foundation as Mr. Wong does not state the basis for having personal knowledge of such matters. *Slevin v. Home Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | ___ Sustained<br><br>___ Overruled |
| 8. | Wong Decl., ¶ 6, p. 3, ll. 25-26:<br><br>"It was important to the Bronzelink investment that the GIP Team remain and continue to serve, in compliance with all applicable laws." | Lack of Foundation (Fed. R. Evid. 403, 405, 601, 602 and 701); Speculation (Fed. R. Evid. 602, 701).<br><br>To the extent that Mr. Wong's assertion is referring to Bronzelink's initial investment, a transaction in which he was not involved, or to the objectives of anyone else other than himself, his statement lacks foundation and is speculative. *Slevin v. Home* | ___ Sustained<br><br>___ Overruled |

4

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF**

244610.6

| | Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|---|
| | | *Depot*, 120 F. Supp. 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation should not be considered). | |
| 9. | Wong Decl., ¶ 7, p. 3, l. 27-p. 4, l. 7:<br><br>"In approximately March 2017, Javed asked to have a private conversation with me. He told me during this meeting that an officer from the U.S. government had visited the GIP USA offices in March 2017. However, he was unable to answer any of my questions about this supposed visit from a government official or offer any proof that such a visit actually happened. In a separate meeting with Plaintiffs and Pourmand, I asked Youssefzadeh or Pourmand whether they were aware of this government official visit. Youssefzadeh and Pourmand told me that they did not meet with any government official and had no information about the supposed visit, but stated that Javed told them that there was such a visit. | Inadmissible Hearsay (Fed. R. Evid. 801).<br><br>Mr. Wong's purported conversation with Mr. Pourmand is inadmissible hearsay. Fed. R. Evid. 801. | ___ Sustained<br><br>___ Overruled |

### B. Objections to Declaration of Bahram Pourmand

| | Material Objected To: | Grounds for Objection: | Ruling |
|---|---|---|---|
| 1. | Pourmand Decl., ¶ 5, p. 1, ll. 23-27:<br><br>"My authority to bind GIP, without Board approval, | Improper Legal Conclusion; Lack of Foundation (Fed.R. Evid. 602); Improper Opinion of a Lay Witness (Fed. R. Evid. 701) with respect to the term, | ___ Sustained<br><br>___ Overruled |

5

| | |
|---|---|
| was terminated on September 28, 2016, two days before I signed the employment contract between GIP USA and Youssefzadeh, the consulting agreement between Salim Group, Inc. and GIP Cayman, and the employment contracts between GIP Cayman and Javed, and GIP USA and Javed." | "authority." Outside the Scope; Relevance (Fed. R. Evid. 401). Mr. Pourmand's assertion regarding his lack of authority to bind GIP is irrelevant and outside the scope of the Motion to Compel because Defendants did not contend in the Motion or Reply that Plaintiffs' employment contracts were unenforceable. It is also in impermissible legal opinion. |

DATED: June 21, 2018                     Respectfully submitted,

**ISAACS | FRIEDBERG LLP**


  */s/ Jerome H. Friedberg*
Jerome H. Friedberg, Esq.
Jeffrey B. Isaacs, Esq.
Paige Shen, Esq.
Robert Gookin, Esq.

*Attorneys for Plaintiffs Emil Youssefzadeh and Umar Javed*

6

**PLAINTIFFS' EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF YEUN CHEUNG WONG AND BAHRAM POURMAND SUBMITTED IN SUPPORT OF DEFENDANTS' REPLY BRIEF**

244610.6